AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

<u>MARSHALL R. WILSON</u>   Case Number: 10-20064-01-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 15, 2010          s/ David J. Waxse
                              *Signature of Judicial Officer*

                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                              *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Marshall r. Wilson
Criminal Action 10-20064-01-JWL-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether there are conditions of release that will both assure your appearance and protect the safety of the community.

The first factor is the nature of the offense charged, including whether it involves a controlled substance. It clearly does, so that is a negative factor.

The weight of the evidence is a negative factor because there has been a grand jury determination of probable cause, plus the testimony we heard today.

The next factor is your character, which includes your physical and mental condition. I do not see anything in the report or the proffers that indicates that is a problem, so that is positive.

Family ties are positive.

Employment is negative, but obviously you have not been in a situation in the last couple of years where you could be employed.

The next factor is your financial resources. There is no indication that you have substantial resources that would assist you in fleeing, so that is a positive.

Length of residence in the community is positive.

Community ties are positive.

The next factor is your past conduct which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. Prior to your incarceration you had a serious drug problem and we do not know whether that drug problem will reassert itself or not if you get out, but it is obviously in your history. Additionally, on all four of your previous criminal cases you were released at one point and then revoked, which means that you did not comply with conditions, including not to violate the law, so that is a big concern.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. You may be the first person that has appeared before me that was maybe on all three of those at the time of these conducts, so that is not a good thing.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. Obviously any time you are involved in distributing crack that is a terrible danger to the entire community that is susceptible to it.

With all these factors considered, I do not find that there are any conditions I think you would comply with and that would be sufficient to protect the community and assure your appearance, so you are going to remain detained.